**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TYNEA EVETTE SISCOE, | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-16-886 |
| | | (Related Crim. Case S-89-0434) |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM**

On March 24, 2016, Tynea Evette Siscoe filed a letter with this court asking that her 1990 conviction for conspiracy to possess with the intent to distribute cocaine under 21 U.S.C. § 846 be expunged.  ECF No. 1 (civil case); Mot. Expunge, ECF No. 556 (crim. case).  For the reasons outlined below, that request is DENIED and this case DISMISSED.

DISCUSSION

On May 1, 1990, Ms. Siscoe pled guilty to one count of the indictment.  *See* Docket Sheet, *United States v. Siscoe,* No. 89-cr-00434 (D. Md.). On July 27, 1990, the court sentenced her to six months of imprisonment.  *Id.*  Ms. Siscoe, who has raised a daughter on her own and remained "out of trouble," now asks this court to expunge that conviction because she has worked her way up in a cleaning company under contract with the Naval Academy, and cannot obtain access to the Academy grounds to complete her job as head supervisor.  Mot. Expunge at p. 1.

There is no federal statute or regulation that gives district courts general authority to expunge convictions. There are a handful of federal statutes that give district courts specific authority to expunge convictions, but those statutes apply only in very narrow circumstances,

none of which are present here. *See* 5 U.S.C. § 552a(d)(2) (2012) (allowing amendment of inaccurate public records); 18 U.S.C. § 3607(c) (2012) (allowing expungement of certain federal drug-possession offenses).

In the absence of an authorizing statute, a federal court has a limited equitable power to expunge convictions, and that power can be used only in "exceptional circumstances." *Allen* v. *Webster,* 742 F.2d 153, 155 (4th Cir. 1984); *see also United States* v. *Noonan,* 906 F.2d 952, 956-57 (3rd Cir. 1990) (explaining that "a federal court has the inherent power to expunge an arrest and conviction record," but that "granting such relief is confined to extreme circumstances"). Thus, courts have found that expungement of a conviction is appropriate if "necessary to preserve basic legal rights," *Shipp* v. *Todd,* 568 F.2d 133, 143 (9th Cir. 1978) (quoting *United Stales* v. *McMains,* 540 F.2d 387, 389 (8th Cir. 1976)), such as when the conviction was obtained unconstitutionally or as a result of government misconduct, or when the record is simply inaccurate. *See Allen,* 742 F.2d at 154 (finding expungement inappropriate because the statute under which the defendant was tried was constitutional and there was no evidence of "irregularity" in the proceedings); *United States* v. *Scott,* 793 F.2d 117, 118 (5th Cir. 1986) (holding that a district court cannot expunge a conviction when "the validity of the original conviction is unquestioned"); *United States* v. *Gary,* 206 F. Supp. 2d 741, 741 (D. Md. 2002) (explaining that the court's power to expunge was "limited to [instances of] an *unlawful* arrest or conviction, or to correct a clerical error") (emphasis in original).

In this case, Ms. Siscoe makes no showing that her conviction was obtained unconstitutionally or as a result of government misconduct, or that the record is merely a clerical error. Instead, she asks this court to expunge her conviction based on her assertion that the incident occurred long ago and she has become a model citizen.  However, Ms. Siscoe pled

2

guilty to the crime, thus underscoring the validity of the conviction.  Accordingly. there are no exceptional circumstances to provide an appropriate basis for this court to expunge her conviction.

CONCLUSION

For the reasons stated above, Ms. Siscoe's Motion to Expunge is DENIED and this case is DISMISSED.


DATE: April 5, 2016                          _____/s/_____
                                             James K. Bredar
                                             United States District Judge